IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER F. KELLY, for himself and all other similarly situated individuals,<br>     Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF PENNSYLVANIA,<br>     Defendant. | Master Docket No. 25-cv-6234-MKC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND PSC <u>PURSUANT TO FED. R. CIV. P. 23(g)</u>**

Pursuant to the Court's January 26, 2026, Order (ECF No. 36) and Federal Rule of Civil Procedure ("Rule") 23(g), Stephan Zouras, LLC (David J. Cohen), Lynch Carpenter, LLP (Gerald D. Wells, III), and Scott+Scott Attorneys at Law LLP (Erin Green Comite) ("Proposed Interim Co-Lead Class Counsel") respectfully move for appointment as Interim Co-Lead Class Counsel in this consolidated case and for appointment of the following firms and attorneys to serve as Interim Plaintiffs' Steering Committee ("PSC"): Morgan & Morgan (John Yanchunis, PSC Chair), Levin Sedran & Berman LLP (Charles E. Schaffer), Robert Peirce & Associates, P.C. (Sara Watkins), Schubert Jonckheer & Kolbe (Amber L. Schubert), Zimmerman Reed LLP (Michael Laird), and Lockridge Grindal Nauen PLLP (Maureen Kane Berg).[1] The above-named firms and counsel have all filed now-consolidated claims against the University of Pennsylvania ("Defendant") relating to 2025 data breaches that exposed highly-sensitive, personally-identifiable information ("PII") relating to Defendant's students, alumni, donors, customers, and patients.[2] Through a private ordering process, Proposed Interim Co-Lead Class Counsel have created a cooperative team of lawyers highly experienced in complex and class action litigation with specific expertise in data breach litigation to lead this action forward.

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiffs seek to hold Defendant liable for its alleged failure to adequately protect Plaintiffs' PII, including ACH transaction records, addresses, Social Security Numbers, phone numbers, and demographic information, leading to the unlawful disclosure of this information through at least two preventable data breach incidents. As a result of Defendant's failure to keep

---

[1]     Proposed Interim Co-Lead Class Counsel and the PSC are collectively referred to herein as "Proposed Counsel."
[2]     On December 23, 2025, Robert Peirce & Associates, P.C. filed a case captioned *Davis v. University of Pennsylvania*, No. 25-cv-7281 (E.D. Pa.) that should be joined into this consolidated matter, but it appears the Clerk may not yet have effectuated this consolidation.

Plaintiffs' PII secure and confidential, numerous putative class actions have been filed in this Court for aggrieved individuals. On November 3, 2025, Plaintiff Kelly filed the first case, *Kelly v. University of Pennsylvania*, No. 25-cv-6234-MKC. In the following weeks, many additional cases were filed. On December 18, 2025, this Court granted a Motion to Consolidate (ECF No. 13), consolidated 18 Related Actions under the *Kelly* caption (ECF No. 15), and ordered any counsel seeking appointment as interim class counsel to so move by January 30, 2026 (ECF No. 36).[3]

Proposed Counsel respectfully submit that, in light of their relevant experience, their reputations in this Court and in the national data breach bar, and their intention to promptly move this litigation forward in this District, they are well-qualified to lead this action and merit appointment as Proposed Counsel pursuant to Rule 23(g).

## II.     ARGUMENT AND AUTHORITIES

### A.     Legal Standard Under Rule 23(g)

Rule 23(g) authorizes the Court to designate interim co-lead counsel to act on behalf of the putative class in the early stages of litigation, before class certification. *See* Fed. R. Civ. P. 23(g)(3). This Rule contemplates early appointment of class counsel to act for the proposed class. *In re Vanguard Chester Funds Litig.,* 625 F. Supp. 3d 362, 370 (E.D. Pa. 2022) ("Counsel appear to have sufficient resources and commitment to lead the early stages of litigation").

By designating interim co-lead counsel now, this Court will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation § 21.11 (4th ed. 2004). The appointment

---

[3]  Certain of these actions (ECF Nos. 31-35, 40, 43) have been subsequently dismissed by counsel not involved in this Motion.

2

will also facilitate coordination and efficiency among Plaintiffs, Defendant, and the Court.

### B. Proposed Counsel Are Best Qualified to Represent the Proposed Class

It is generally accepted that the considerations set out in Rule 23(g)(1) governing the appointment of class counsel apply equally to the designation of interim class counsel. *See Hall v. Healthcare Services Group Inc.*, 2025 WL 3280943, *1 (E.D. Pa. Nov. 24, 2025). Rule 23(g)(1)(A) provides that, in appointing class counsel, courts must consider: (i) the work counsel did to identify and investigate the claims; (ii) counsel's experience with class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel can commit to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As discussed below, each of the relevant factors supports the appointment of Proposed Counsel.

#### 1. Proposed Counsel Have Thoroughly Investigated This Action.

Prior to filing their cases, Proposed Counsel independently investigated the facts and circumstances surrounding the data breaches and devoted extensive time to researching the relevant law to prepare detailed complaints. These firms have continued to perform substantial work expected to benefit the Class as the case moves forward, including: reviewing communications from hundreds of consumers concerning the data breaches; engaging in ongoing communications with putative class members; investigating the data breaches, the scope of its consequences, and Defendant's public disclosures; researching viable legal theories to be brought and filed against Defendant and defenses thereto; consulting with and engaging nationally recognized experts specializing in dark web analysis and liability in data privacy cases; and conferring with defense counsel about the underlying facts, the number of affected individuals,

3

and the investigations completed to date to determine the size and nature of the data breaches. Furthermore, Proposed Counsel have already discussed the division of labor to streamline this litigation and billing/timekeeping protocols to minimize the duplication of effort in support of this litigation, for example, by dividing supervisory responsibilities into task-based categories (*e.g.,* drafting an amended complaint, completing discovery, performing legal research, and working with experts). In this way and others, Proposed Counsel intend to maximize their members' expertise and availability while avoiding the unnecessary duplication of effort.

Proposed Counsel have conducted all the work necessary to prosecute this litigation thus far and stand ready, willing, and able to devote the substantial effort and resources necessary to advance Plaintiffs' claims for the benefit of all Class members.

### 2. Proposed Counsel Are Highly Experienced in Leading and Successfully Resolving Complex Consumer and Data Breach Class Actions.

Appointing lead class counsel experienced in data breach litigation is in the best interest of the Class. Each of the firms proposed as Proposed Counsel has substantial experience litigating and resolving complex class action litigation, including consumer data breach class actions. *In re Geisinger Health Data Sec. Incident Litig.,* 2025 WL 345976, *3 (M.D. Pa. Jan. 30, 2025") (experience is the "most important consideration in appointing interim class counsel"). The qualifications and experience of Proposed Counsel are described below and in their accompanying firm resumes (Exhibits A-I).

**Stephan Zouras, LLC**

For the last 18 years, Stephan Zouras has concentrated on high-stakes class and collective action litigation. SZ Firm Resume (Exhibit A). Since its founding in 2007, Stephan Zouras has secured a significant number of seven- and eight-figure jury verdicts and settlements for aggrieved

4

employees and victims of corporate negligence, privacy violations, and other abuse.

Stephan Zouras has pioneered consumer data privacy litigation by successfully prosecuting and establishing favorable appellate precedent under the Illinois Biometric Privacy Information Act ("BIPA"), 740 ILCS 14/1 *et seq.* More recently, Stephan Zouras has advanced a new trend in privacy litigation, filing nearly a dozen lawsuits challenging healthcare providers' unauthorized interception and disclosure of their patients' private health information to the world's largest social media companies under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, *et seq*.

Notably, Stephan Zouras has been appointed class counsel in at least 50 data privacy class actions, including in contested proceedings, and has won several favorable rulings on novel data privacy issues at the state and federal appellate court levels, including two in the last two years before the Illinois Supreme Court. Courts have repeatedly recognized the quality of Stephan Zouras' work by appointing it as lead counsel, approving settlements it has negotiated, and commending the work of its attorneys. *See, e.g., In re Lurie Children's Data Breach Litigation*, No. 2024-CH-869 (Cook Co. Ill. Chancery Div.) (lead counsel for hospital data breach litigation); *In Re Advocate Aurora Health Pixel Litigation*, No. 22-cv-1253-JPS (N.D. Ill.) ($12.225 million settlement for a class of 2,540,567 patients); *Goh v. NCR Corporation*, AAA Case #1-15-4-67, Feb. 25, 2019 Final Approval Order, ¶8 (finding that "[c]laimants' counsel rendered exemplary services for [their] clients and acted with great care, diligence, and professionalism"); *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) ("[Stephan Zouras has] substantial class action experience, and [has] secured multi-million-dollar class recoveries in the past").

David J. Cohen, Of Counsel to Stephan Zouras and the firm's lead Philadelphia attorney, has extensive experience in this Court from litigating and resolving scores of complex civil cases

5

over the past three decades and is presently involved in many privacy- and data-based lawsuits, including: *Santoro v. Tower Health*, No. 22-cv-4580-JFM (E.D. Pa.); *Smart v. Main Line Health*, No. 22-cv-5239-KNS (E.D. Pa.); *Thorpe v. Thomas Jefferson Univ. Hosp.*, No. 25-cv-7167-JHS (E.D. Pa.); *In re Meta Pixel Healthcare Litig.*, No. 22-cv-3580-WHO (N.D. Cal.); *Rodriguez v. FastMed Urgent Care, Inc.*, No. 24-CV-8555-310 (Durham Co. N.C. Business Court). Mr. Cohen also currently represents plaintiffs in another active case on this Court's calendar: *Corn v. Odin Properties LLC*, No. 25-cv-5517-MKC (E.D. Pa.).

### Lynch Carpenter, LLP

Gerald D. Wells, III has been practicing law for over twenty-four years and is nationally recognized as a leader in the class action field. He concentrates his practice on representing consumers in data breach and privacy litigation, as well as employees in wage and hour and ERISA class action litigation. Mr. Wells is a graduate of Temple University (Class of 1998) and Temple Law (Class of 2001), and is licensed in Pennsylvania, New Jersey, and California. He recently joined the national class action firm Lynch Carpenter, LLP ("Lynch Carpenter"), a national leader in data breach and privacy class action litigation, to open its Philadelphia office.

Lynch Carpenter is a frequent and well-known advocate in this District, and the firm's efforts have been recognized by the legal community. In 2020, the firm was selected by *The Legal Intelligencer* as the Litigation Department of the Year. In 2021, Lynch Carpenter was named as a finalist for Litigation Department of the Year in the Pennsylvania region by *The American Lawyer*. In 2022, the firm was named as a finalist for Privacy/Data Breach firm of the year by *ALM*. In 2023 and 2024, Lynch Carpenter was selected by Law360 as a "Pennsylvania Powerhouse." Most recently, Lynch Carpenter received a Band 1 ranking from *Chambers and Partners*. Lynch Carpenter Firm Resume (Exhibit B).

6

Lynch Carpenter's experience and successful track record are inarguable, having led and resolved consolidated data breach litigation applying Pennsylvania law in this District. *See, e.g.*, *Hasson v. Comcast Cable Communications, LLC.*, No. 2:23-cv-05039 (E.D. Pa.) (serving as co-lead counsel, helped obtain $115 million settlement with preliminary approval pending); *In re Wawa, Inc. Data Security Litig.*, No. 19-cv-6019 (E.D. Pa) (co-lead counsel; $37 million settlement for the financial institution class). Lynch Carpenter has also forged the development of common law protections against the mishandling of digitally-stored information, obtaining the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). There, the Pennsylvania Supreme Court—reversing the two lower courts—acknowledged the general principles of negligence support imposing a common law duty on those who collect and store personally identifying information to reasonably safeguard such information. *See Dittman*, 196 A.3d at 1047. These legal principles will be directly germane to this litigation.

Prior to joining Lynch Carpenter, Mr. Wells was a founding partner at Connolly Wells & Gray, LLP. There, he represented clients in numerous ERISA and wage and hour class/collective actions. *See, e.g., Gedek v. Perez, et al., (In Re Kodak ERISA Litig.)*, No. 6:12-cv-06051 (W.D.N.Y.) (served as co-lead counsel in ERISA action that resulted in a $9.7 million class settlement). Additionally, Mr. Wells has successfully litigated a class action through trial in this very courthouse. *See Verma v. 3001 Castor Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (served as lead trial counsel and helped achieve a jury verdict of more than $4.5 million in a certified class action alleging violations of state wage and hour laws). That verdict was subsequently sustained by the Third Circuit, 937 F. 3d 221 (3d Cir. 2019).

Since joining Lynch Carpenter, Mr. Wells has been appointed to more than a dozen leadership positions in analogous data breach matters, including *In re ConnectOnCall.com Data*

7

*Breach Litig.,* No. 24-cv-08790 (E.D.N.Y.) (co-lead counsel); *Hudson et al. v. Pennsylvania State Ed. Assoc.,* No. 2025-cv-02411 (Ct. Cmn. Pleas. Dauphin Cnty.) (co-lead counsel); and *Chapple v. Cross Valley Fed. Credit Union,* No. 2025-03497 (Ct. Cmn. Pleas Luzerne Cnty.) (lead counsel). In sum, Mr. Wells will bring his extensive class action litigation experience (including familiarity with this Court), along with the significant resources of Lynch Carpenter, to bear in this matter.

### Scott+Scott Attorneys at Law, LLP

Erin Green Comite, a partner in Scott+Scott Attorneys at Law LLP's ("Scott+Scott") Connecticut office and Co-Chair of the firm's Consumer Practice Group, has been litigating high-profile data privacy, consumer protection, and other complex class actions since she joined Scott+Scott in 2002. As detailed in the accompanying resume, Ms. Comite has been prosecuting data breach class action cases for more than 10 years, and her vast experience in these cases would be advantageous to the efficient litigation of this action. Scott+Scott Firm Resume (Exhibit C). Ms. Comite is currently co-lead counsel in a data breach action in this District, *Anaya v. Cencora, Inc.*, No. 2:24-cv-02961 (E.D. Pa.) (Court-appointed co-lead counsel; preliminary approval of $40 million settlement on behalf of more than 10 million persons), and is co-lead counsel or in leadership in other significant privacy and data breach class actions, such as *Lopez v. Apple Inc.*, No. 4:19-cv-04577 (N.D. Cal.) (co-lead counsel; $95 million settlement on behalf of consumers and their minor children alleging privacy violations by Apple through its Siri application); *In re Google Assistant Privacy Litig.*, No. 5:19-cv-04286 (N.D. Cal.) (co-lead counsel; certified class of consumers challenging Google Assistant's collection of their confidential communications without consent; preliminary approval motion filed for $68 million settlement); *In re Change Healthcare Inc. Customer Data Security Breach Litig.*, 0:24-md-03108 (D. Minn.) (PSC, Patient Track; litigating on behalf of a class consisting of nearly every American adult, alleging their

8

medical information was compromised); *First Choice Fed. Credit Union v. The Wendy's Co., et al.*, No. 16-cv-00506 (W.D. Pa.) (co-lead counsel; $50 million settlement—one of the largest data breach settlements reached on behalf of financial institutions). Thus, Ms. Comite's background is particularly well-suited for litigating this case.

In 2025, Ms. Comite was recognized as the Partner of the Year by *Law.com's* New England Legal Awards. She is widely respected for her success as a litigator, her mentorship of younger attorneys, and her leadership in advancing the role of women in the legal profession. Her experience, professionalism, and proven record of results reflect the qualifications necessary to effectively litigate on behalf of the proposed Class.

**The PSC Firms**

John Yanchunis of Morgan & Morgan, Charles E. Schaffer of Levin Sedran & Berman, LLP, Sara Watkins of Robert Peirce & Associates, P.C., Amber L. Schubert of Schubert Jonckheer & Kolbe, LLP, Michael Laird of Zimmerman Reed, LLP, and Maureen Kane Berg of Lockridge Grindal Nauen, PLLP each possess exemplary qualifications and experience in high-profile data breach class action litigation. *See* PSC Firm Resumes (Exhibits D–I). Their appointment as PSC members is warranted, as their background and expertise will benefit the Class.

  **3.  Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)**

This Court may also consider other factors in making appointments under Rule 23(g)(1)(B). *E.W. by & through Labrake v. CDHA Mgmt., LLC*, 2025 WL 2992325, *1 (E.D. Pa. Oct. 22, 2025). Several such factors further support the instant Motion.

First, Mr. Cohen and Mr. Wells are career-long Pennsylvania attorneys with extensive litigation experience in this District. Ms. Comite is currently co-lead class counsel in the *Cencora* data breach case in this District. These attorneys' familiarity with this Court directly supports their

requested appointment. *Nelson v. Connexin Software Inc.*, 2023 WL 2721657, *2 (E.D. Pa. Mar. 30, 2023) (considering "the lawyers' presence in and familiarity with this Court").

Second, the resumes of Proposed Counsel demonstrate each firm's and attorney's long history of success in the management of complex civil class actions and evinces their willingness and ability to apply the resources necessary to ensure the vigorous prosecution of the putative Class members' claims in this consolidated action.

Third, Proposed Counsel are committed to working cooperatively and efficiently for Plaintiffs and the proposed Class. *Id.* ("the ability to cooperate is the most important distinction among the proposals before me"); *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 370 ("cooperation among plaintiffs is critical at this stage in the litigation"); *see also* Manual for Complex Litigation, §§ 10.22, 21.272 (encouraging private ordering). Indeed, Proposed Counsel have the support of the majority of Plaintiffs whose claims remain in this consolidated action. *See, e.g.*, *Hall*, 2025 WL 3280943, *2 (appointing leadership group that had "the support of the majority of plaintiffs and their counsel").

Last, Proposed Counsel firmly believe the facts and issues in this consolidated action should be discovered, litigated, and resolved in this Court, rather than merged into a related, consolidated litigation against Oracle Corp. in Texas federal court as other counsel may propose. This Court is better-positioned than a judge in Texas to resolve claims against a Philadelphia-based Defendant based on events in Pennsylvania that have affected thousands of Pennsylvania residents.

### III. CONCLUSION

Plaintiffs respectfully ask the Court to grant this Motion and enter their proposed Order appointing their choice of counsel as Interim Co-Lead Class Counsel and PSC members.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 30, 2026 | */s/ David J. Cohen*<br>David J. Cohen (PA 74070)<br>**STEPHAN ZOURAS, LLC**<br>604 Spruce Street<br>Philadelphia, PA 19106<br>(215) 873-4836<br>dcohen@stephanzouras.com<br><br>Ryan F. Stephan (*pro hac vice*)<br>James B. Zouras (*pro hac vice*)<br>**STEPHAN ZOURAS, LLC**<br>222 W. Adams Street, Suite 2020<br>Chicago, IL 60606<br>(312) 233-1550<br>rstephan@stephanzouras.com<br>jzouras@stephanzouras.com<br><br>Gerald D. Wells, III (PA 88277)<br>**LYNCH CARPENTER, LLP**<br>1760 Market Street, Suite 600<br>Philadelphia, PA 19103<br>(267) 609-6910<br>jerry@lcllp.com<br><br>Gary F. Lynch (PA 56887)<br>**LYNCH CARPENTER, LLP**<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>(412) 322-9243<br>gary@lcllp.com<br><br>Erin Green Comite (*pro hac vice*)<br>**SCOTT+SCOTT ATTORNEYS AT LAW**<br>156 S. Main Street<br>P.O. Box 192<br>Colchester, CT 06415<br>(860) 537-5537<br>ecomite@scott-scott.com<br><br>Joseph P. Guglielmo (*pro hac vice*)<br>**SCOTT+SCOTT ATTORNEYS AT LAW**<br>The Helmsley Building<br>230 Park Ave, 24th Floor<br>New York, NY 10169 |

(212) 223-6444
jguglielmo@scott-scott.com

*Proposed Interim Co-Lead Class Counsel
and Counsel for Plaintiffs and the Class*


John A. Yanchunis (*pro hac vice* forthcoming)
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 275-5272
*jyanchunis@forthepeople.com*

Charles E. Schaffer (PA 76259)
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500
*CSchaffer@lfsblaw.com*

Sara Watkins (PA 325770)
**ROBERT PEIRCE & ASSOCIATES, P.C.**
437 Grant Street, Suite 1100
Pittsburgh, PA 15219
(412) 214-7477
swatkins@peircelaw.com

Amber L. Schubert (*pro hac vice*)
**SCHUBERT JONCKHEER & KOLBE, LLP**
2001 Union St, Ste 200
San Francisco, CA 94123
(415) 788-4220
aschubert@sjk.law

Michael Laird (*pro hac vice* forthcoming)
**ZIMMERMAN REED, LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612.341.0400
Michael.laird@zimmreed.com

Maureen Kane Berg (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN, PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
612-596-4037
mkberg@locklaw.com

*Proposed PSC and Counsel for Plaintiffs*

13