# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER F. KELLY, on behalf of himself and on behalf of all other similarly situated individuals,

   Plaintiff,

v.

UNIVERSITY OF PENNSYLVANIA,

   Defendant.

Master Docket No. 2:25-cv-6234-MKC

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF KELLY'S
MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)</u>**

Pursuant to the Court's January 26, 2026 Order (Dkt. No. 36), Plaintiff Kelly hereby respectfully requests that the Court appoint Mark Lanier of the Lanier Law Firm, Gary M. Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Class Counsel").

## I.  INTRODUCTION

This case belongs in the Western District of Texas where Proposed Interim Co-Lead Class Counsel have already been appointed to lead consolidated litigation in a massive data breach against the Defendant University of Pennsylvania ("Defendant"), and what will likely be at least one hundred other defendants, for the same data breach at issue here. Defendant agrees this case belongs in Texas and so do several other plaintiffs who voluntarily dismissed their cases in this Court. The only parties who contend otherwise are the movants behind the competing Motion for Appointment of Interim Co-Lead Class Counsel and PSC (Dkt. No. 46) ("Competing Motion"). As explained below, appointing the moving firms who filed the Competing Motion would not benefit the Class, would not promote judicial economy, and would create the risk of inconsistent rulings. For these reasons and others that follow, this Court should appoint Proposed Interim Co-Lead Class Counsel so they can stipulate to transfer this entire action to Texas where it belongs and clear this case off the Court's docket.

## II.  BACKGROUND

The cases that are part of this consolidated action arise from a data breach that Defendant experienced on October 31, 2025, when an unauthorized actor accessed Defendant's systems and leveraged email lists to send mass emails to Defendant's community ("October 31 Breach"). *See Kelly* Complaint, Dkt. No. 1, ¶ 6. After conferring with counsel for Defendant, all plaintiffs and their counsel, including those who filed the Competing Motion, learned that the October 31 Breach

was significantly smaller in size and scope than originally believed and that Defendant sent notices to only *seven* individuals as required under applicable state or federal notification laws, none of whom were named plaintiffs in this consolidated action. Accordingly, the claims based on the October 31 Breach are not suitable for a class action.

Separate from the tiny October 31 Breach, Defendant was affected by another data breach which is currently the subject of a large, consolidated class action pending in the Western District of Texas. *See In Re Oracle Corporation Data Breach Litigation*, Case No. 25-cv-01805-ADA-SH (W.D. Tex.) ("*Oracle* Action"). Oracle is a cloud-based computing services and data storage company serving thousands of corporate clients. The Oracle breach is a "hub-and-spoke" data breach, meaning Oracle is the central "hub" that was breached, and impacted customers of Oracle (like the Defendant here) referred to as "spokes" were also impacted because they were holding data with Oracle. University of Pennsylvania is one many of Oracle's customers currently named as a spoke defendant in that litigation.[1] Many more will also be named in the forthcoming consolidated complaint.

On January 5, 2025, the *Oracle* court consolidated 33 actions, at least one of which named University of Pennsylvania as a spoke defendant,[2] and appointed lead counsel. *See* Order granting consolidation and appointing lead counsel*, Dkt. No. 25, attached hereto as ***Exhibit A***. The *Oracle* court appointed Mark Lanier of the Lanier Law Firm, Gary M. Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel ("*Oracle* Lead Counsel"),

---

[1] University of Pennsylvania began notifying impacted individuals of the Oracle breach on December 1, 2025.

[2] *Vample v. Oracle Corporation, et al.*, Case No. 1:25-cv-02078 (W.D. Tex.). A second case naming University of Pennsylvania as a spoke defendant was filed on January 16, 2026 in the Western District of Texas. *See Hilferty v. Oracle Corporation, et al.*, Case No. 1:26cv118 (W.D. Tex.).

the same counsel who are seeking Interim Co-Lead Class Counsel here. *Id.* In the order appointing lead counsel, the *Oracle* court listed the responsibilities of Interim Co-Lead Class Counsel, including, but not limited to initiating and conducting discussions and negotiations with counsel for defendants on all matters, including settlement. *See id.* at 13.

Over the course of the last few weeks, counsel for several plaintiffs, including those seeking leadership roles in the Competing Motion, conferred with Defendant's counsel regarding the claims in this action. During those conferrals, counsel learned that there were two breaches and that the breach subject of this litigation involved seven people, that the second breach involved a few hundred thousand people, and that it was part of Oracle hub-and-spoke action in Texas. Consequently, all counsel seeking leadership positions were made aware that the claims related to the October 31 Breach would not be suitable for a class action and that the claims related to the Oracle Breach clearly belong in the Western District of Texas where that litigation is proceeding.

For this reason, a number of plaintiffs – recognizing there was no legitimate basis to proceed with litigation in this Court – dismissed their cases. *See* Dkt. Nos. 31, 32, 33, 34, 35, 40, 43 (notices of voluntary dismissal on behalf of plaintiffs Gade, Braund, Korengold, Lundy, Sikora, and Washington-Smart).[3] However, a group of attorneys in this consolidated action appear motivated to attempt to convert this case from one that originally concerned the seven person October 31 Breach to one that concerns the Oracle breach involving millions of people, which is already progressing in the Western District of Texas with leadership formally appointed.

Hub-and-spoke data breaches like the Oracle Breach should be litigated in a single venue.

---

[3] As with the other plaintiffs who dismissed, counsel for plaintiff Kelly intended to dismiss his action until learning that those pursuing the Competing Motion were planning to maintain their actions in order to seek appointment as interim lead counsel. To preserve a procedural vehicle through which to seek transfer of this case, Kelly's counsel opted not to dismiss. Absent that decision, intervention would have been required.

Otherwise, chaos could ensue by way of inconsistent rulings, duplicative discovery, overburdening the judiciary who could be overseeing the exact same case in multiple venues, and last, but not least, a "race to the bottom" to settle the case by groups of competing lawyers, none of which benefits the Class. For example, a very similar hub-and-spoke data breach case is being litigated in a single venue (the District of Massachusetts). *See In re: MOVEit Customer Data Security Breach Litigation*, Case No. 1:23-md-03083, MDL No. 3083. The leadership in *MOVEit* (some of whom are applying for leadership in this case) recognized the need for the litigation to proceed in a single venue and even sought a court order to that effect.

Simply put, appointing the competing leadership team would not serve to the benefit the Class. It would create a conflicting order with the leadership order entered by Judge Hightower in the *Oracle* litigation. It would also create an unnecessary burden on the judiciary by countenancing duplicative litigation against University of Pennsylvania over the same data breach – litigation that is already proceeding in the major consolidated action in Texas. Accordingly, Plaintiff Kelly respectfully requests the Court appoint the *Oracle* Lead Counsel as Interim Co-Lead Class Counsel here.

If appointed, Proposed Interim Co-Lead Class Counsel intends to promptly seek transfer of this action to the Western District of Texas to be consolidated into the *Oracle* Action. Allowing this case to proceed in this Court would result in duplicative discovery, inefficient use of judicial resources, and a substantial risk of inconsistent rulings. Consolidation in the Western District of Texas would promote judicial economy, ensure consistent and fair adjudication of claims arising from the same data breach, and impose no undue prejudice on any party, particularly given the existing leadership structure that has been appointed in order to efficiently manage the action.

Proposed Interim Co-Lead Counsel has conferred with counsel for Defendant and counsel

has indicated that Defendant likewise supports transfer of this action to the Western District of Texas. This support is particularly significant given that Defendant is based in Pennsylvania.

## III.    ARGUMENT

### A.  Legal Standard for Appointment of Interim Lead Counsel.

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See In re Shop-Vac Mktg. & Sales Practices Litig.,* Case No. 4:12-md-2380, 2013 U.S. Dist. LEXIS 7023, at \*6 (M.D. Pa. Jan. 17, 2013). Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### 1.  *Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work Investigating This Action.*

Here, immediately after the public announcement of the Oracle Breach, Proposed Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things: investigating the facts surrounding the breach; interviewing numerous consumers injured by the Breach; researching legal claims; drafting initial pleadings; and organizing Plaintiffs and their counsel and discussing consolidating the relevant actions and preparing the consolidation papers. Proposed Interim Co-Lead Class

Counsel have dedicated meaningful resources to understanding the Data Breach and the scope of the breach. They have already consolidated the litigation in the Western District of Texas – where this case belongs. Proposed Interim Co-Lead Class Counsel have also conferred with Defendant on several occasions, regarding the size and scope of both breaches and agreement to transfer the cases to the Western District of Texas for consolidation with the *Oracle* Action.

Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Co-Lead Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Co-Lead Class Counsel are organized, unified, and committed to working together for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 U.S. Dist. LEXIS 71432, at *9 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation). Proposed Interim Co-Lead Class Counsel are well positioned to continue advancing the litigation efficiently and effectively. Their appointment will promote efficient case management, minimize duplication of effort, and ensure robust representation in the proposed Class from the outset.

      **2.** ***Proposed Interim Co-Lead Class Counsel Possess the Necessary Experience, Skill and Knowledge of the Law and are Qualified to Serve as Interim Co-Lead Class Counsel.***

Proposed Interim Co-Lead Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys and their firms have successfully litigated numerous class actions involving privacy claims on behalf of hundreds of millions of consumers. Proposed Interim Co-Lead Class Counsel possess the necessary resources to prosecute this litigation, are working together collectively already in the *Oracle* Action, and will continue to work in this fashion to manage this litigation effectively and efficiently. Proposed Interim Co-Lead Class Counsels' work, experience, knowledge, resources, and successful track record litigating

consumer data breach cases demonstrate that they are superbly qualified to represent the proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23. As demonstrated below, Proposed Interim Co-Lead Class Counsel each have substantial data breach class action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

### i. *Mark Lanier of the Lanier Law Firm, P.C.*

W. Mark Lanier has established himself as one of America's most formidable trial attorneys over a career spanning more than three decades. Mark has secured billions in verdicts and settlements, reshaping the landscape of pharmaceutical liability, medical device litigation, and mass torts while earning international recognition for his innovative trial techniques and compelling courtroom presence.

As LLF's lead litigation counsel, Mark has tried a range of cases in federal and state forums coast to coast, including class and mass actions, with verdicts from tried cases approaching $20 billion. Currently Mark is lead and liaison counsel in the AT&T Data Breach MDL (N.D. Tex) before the Honorable Ada Brown, which has settled for nearly $180 million. In addition, Mark's mass tort experience includes roles as lead or co-lead counsel in multiple multidistrict litigations, including: including APAP litigation (Judge Denise Cote, S.D.N.Y.), Pinnacle Hip litigation (Judge Ed Kinkeade, N.D. Tex.), Google Anti-trust litigation (Judge Kevin Castel, S.D.N.Y.), Biomet hip, and Avandia litigation, as well as serving as lead trial counsel in the National Prescription Opiate litigation (Judge Dan Polster, N.D. Ohio). More information about Mr. Lanier's experience can be found in his resume attached as *Exhibit B*.

### ii. *Gary M. Klinger of Milberg, PLLC*

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy

Practice Group – the largest plaintiffs' data privacy practice group in the country. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[4] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024). Law360 recently highlighted Mr. Klinger's work in the privacy space.

Mr. Klinger has extensive experience serving as lead or co-lead counsel in the largest data breaches in the country.[5] Mr. Klinger has settled more than 150 data breach class actions in state and federal courts across the country as lead or co-lead counsel and has recovered more than $1 billion for consumers.[6]  To his knowledge, no other attorney in the country has settled and won court approval of more privacy settlements. Mr. Klinger and his firm have also played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space, including case law in Illinois. *See e.g., Webb v. Injured Workers Pharmacy*, LLC, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers). More information about

---

[4] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.

[5] *See, e.g., Owens v. MGM Resorts International*, Case No. 23-cv-01480 (D. Nev.) (where Mr. Klinger served as lead class counsel in a data breach class action involving approximately 40 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger served as co-lead counsel in a data breach that impacted 17 million consumers).

[6] *See, e.g.*, *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Owens v. MGM Resorts International*, Case No. 23-cv-01480 (D. Nev.) (Mr. Klinger serves as class counsel and obtained a settlement of $45 million in a data breach class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action).

Mr. Klinger's experience can be found in his resume attached as ***Exhibit C.***

### iii. *Jeff Ostrow of Kopelowitz Ostrow P.A.*

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. and has been practicing law for 28 years. He established his own law practice immediately out of law school in 1997 and has since grown the firm to include 30 attorneys, with three offices in South Florida, as well as in New York and Pennsylvania. He is frequently an invited speaker at privacy conferences where he lectures to plaintiffs' counsel and defense counsel on relevant industry topics. His firm self-funds all of its own litigation and has never borrowed capital to finance litigation or general operating.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. He oversees one of the largest data privacy practices in the country consisting of eight full-time attorneys and three paralegals dedicated to handling data breach and other privacy-related actions.

Mr. Ostrow is currently court-appointed Lead Counsel in MDLs and in federal and state courts across the country and has settled hundreds of class actions, including some of the largest data breach cases in recent times (AT&T - $177 million and MGM - $45 million). More information about Mr. Ostrow's experience can be found in his resume attached as ***Exhibit D***.

### 3. *Proposed Interim Co-Lead Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case.*

The resources that Proposed Interim Co-Lead Class Counsel have already committed and will continue to commit to the case also strongly support their appointment. As demonstrated above, Proposed Interim Co-Lead Class Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar data privacy cases, which will benefit Plaintiffs and the putative class.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court appoint Mark Lanier, Gary M. Klinger, and Jeff Ostrow as Interim Co-Lead Class Counsel.

Dated: January 30, 2026

Respectfully submitted,

/s/ Kenneth J. Grunfeld
Kenneth J. Grunfeld
Jeff Ostrow (*pro hac vice* pending)
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: 954-332-2100
grunfeld@kolawyers.com
ostrow@kolawyers.com

W. Mark Lanier (*pro hac vice* pending)
**THE LANIER LAW FIRM**
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX 77064
Tel.: 713-659-5200
mark.lanier@lanierlawfirm.com

Gary M. Klinger (*pro hac vice* pending)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
gklinger@milberg.com

*Proposed Interim Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument was filed using the Court's CM/ECF system on January 30, 2026, which will deliver electronic notice of same to all counsel of record.

*/s/ Kenneth J. Grunfeld*