# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER F. KELLY, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA,<br><br>Defendant. | Master Docket No. 2:25-cv-6234-MKC |

## RESPONSE IN SUPPORT OF PLAINTIFF KELLY'S MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

Following conferrals with UPenn's counsel ahead of the initial January 19 leadership application deadline, UPenn confirmed that the breach population for the first UPenn data breach—which is the central focus of this particular litigation—impacted **less than 10** people, while a second (unrelated) breach confirmed by UPenn (that is a part of the sprawling *Oracle* data breach litigation proceeding in the Western District of Texas that involves potentially hundreds of defendants) impacted hundreds of thousands of people. Because of the *de minimis* scope of the first breach, and because UPenn confirmed that none of the Plaintiffs in this consolidated litigation were impacted by the first UPenn breach, many plaintiffs dismissed their claims,[1] and no leadership motion was submitted by the January 19 initial deadline.

Based on a review of the complaints in the actions filed to date, there are only two actions in this consolidated litigation (*Blue*, No. 25-7108 and *Davis,* No. 25-cv-7281) that overlap with

---

[1] For these reasons, Plaintiffs Gade, Braund, and Korengold dismissed claims without prejudice. Plaintiffs represented by other law firms similarly dismissed their claims in this action for the same reasons.

the *Oracle*-related UPenn breach, due to allegations included in those complaints.[2] It is within this context that undersigned counsel writes to support the leadership request submitted by Messrs. Lanier, Klinger, and Ostrow (ECF No. 51).

The Lanier-Klinger-Ostrow team already has been appointed (along with a deep supporting team of other attorneys) to lead the *Oracle* litigation in the Western District of Texas. For that reason alone, the team is best suited to lead the litigation related to the UPenn arm of the Oracle data breach litigation. These lawyers have performed the most work on behalf of the class by virtue of their efforts in the Texas *Oracle* litigation. This supports their appointment, even if the other team may be equally qualified. Fed. R. Civ. P. 23(g)(1)(A)(i); *see also Moore's Federal Practice* § 23.120(3)(a) (3d ed. 2007) ("All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.").

More importantly, allowing the *Oracle*-related UPenn litigation to proceed in this District under separate leadership could undermine the efforts of *Oracle* lead counsel in Texas in several ways that could be detrimental to the class. First, allowing a separate leadership team to pursue settlement with UPenn in this District could interfere with and/or be inconsistent with the strategies and approach to settlement being employed by the *Oracle* leadership team. Second, if the UPenn Oracle litigation proceeds in this District separately from the litigation in Texas and is litigated, this could result in discovery efforts in this District that are duplicative and inconsistent with efforts

---

[2] Under the language of the consolidation Order (ECF No. 15), *Blue* and *Davis* arguably should not have been and/or should not be consolidated into this litigation because the allegations in those actions—which pertain to the *Oracle* UPenn breach—do not "arise[] out of the same or similar operative facts" as those relating to the initial breach, which is the focus of this consolidated litigation and unrelated to the Oracle breach.

2

in the Texas litigation, which is procedurally further ahead. Critically, this also presents a risk of inconsistent rulings, e.g., on discovery disputes, substantive motion to dismiss (merits) issues, class certification issues, etc.

With these concerns in mind, undersigned counsel respectfully submits that the Court should grant the Lanier-Klinger-Ostrow team's leadership application (ECF No. 51) so that those attorneys can advance the litigation and interests of a class that they already have been appointed to oversee by a Texas federal court.

Dated: February 2, 2026                                  Respectfully submitted,

 

Andrew W. Ferich (PA ID 313696)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585
aferich@ahdootwolfson.com

 

Benjamin F. Johns
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
T: (610) 477-8380
bjohns@shublawyers.com

## CERTIFICATE OF SERVICE

I certify that on February 2, 2026, I caused the foregoing response to be filed using the Court's CM/ECF system, thereby causing it to be served upon all registered ECF users in this case.

_____
Andrew W. Ferich (PA ID 313696)